COLONIAL THEATRICAL ENTERPRISES v. COHEN.

PHIL v. COLONIAL THEATRICAL ENTERPRISES.

1. LANDLORD AND TENANT—REPLACEMENT OF LEASED FIXTURES.
   Under provision in lease of theater requiring lessees to keep furniture and fixtures in as good condition as when taken, either by repair or by replacement, lessor or assigns may not claim as replacement $14,000 talking machine provided by lessees which is now used in place of machine for silent pictures valued at $339 which was part of equipment when lessees took lease.

2. CHATTEL MORTGAGES—PROPERTY COVERED.

> Chattel mortgage on furniture, fixtures, etc., given by lessees of theater while case involving ownership thereof was pending in Supreme Court, *held,* to cover only property found by decree in said case to belong to mortgagors.

'Appeal from Wayne; Moll (Lester S.), J. Submitted April 13, 1932. (Docket No. 60, Calendar No. 36,377.) Decided June 6, 1932.

On remand (255 Mich. 160), decree was entered as to personal property on premises. Plaintiff appeals. Affirmed.

*William Rolston Brown* and *Shapero & Shapero,* for plaintiff.

*Finkelston, Lovejoy & Kaplan,* for defendants Cohen.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 13, 1932. (Docket No. 97, Calendar No. 36,415.) Decided June 6, 1932.

Replevin by Samuel Phil against Colonial Theatrical Enterprises, a Michigan corporation, and others for property alleged to be covered by a chattel mortgage. Judgment for plaintiff. Defendants Colonial Theatrical Enterprises, Behrendt, and Schreiber appeal. Reversed and judgment ordered entered for appellants.

*Shapero & Shapero* and *William Rolston Brown* (*Wm. Henry Gallagher,* of counsel), for appellants.

*Reuben Levin,* for appellee.

CLARK, C. J. These cases were submitted together and are so decided.

First case—*Colonial Theatrical Enterprises* v. *Cohen.*

Our decree in *Colonial Theatrical Enterprises* v. *Sage,* 255 Mich. 160, remanded to the trial court the question of ownership and right to use certain personalty in the Colonial Theater building there involved. The matter remanded was heard and decree entered. Plaintiff has appealed, complaining of finding in respect to but few of the many chattels listed in decree as property of defendants Cohen. The only feature of this appeal meriting discussion arises on a provision of the lease requiring lessees to keep furniture and fixtures leased in as good condition as when taken, either by repair or by replacement. When lessees took under the lease in 1918, a part of the equipment was a projector machine for silent pictures valued at $339. Progress in the art required installing of machines to produce so-called talking pictures costing nearly $14,000, which lessees provided. We agree with the trial court that such change was not in contemplation of the parties and that the latter equipment may not be claimed by lessor or his assigns as replacement of the former. The decree is in all things affirmed, with costs.

Second case—*Phil* v. *Colonial Theatrical Enterprises.*

By our said decree for specific performance, defendants were—

"to transfer, convey, assign and release to the plaintiff herein all their rights, title and interest in and to the premises aforesaid, including the fixtures, paraphernalia, furniture and accoutrements used in connection therewith as are embraced within said lease; and upon their failure to do so the recording of this decree shall act and operate as such conveyance, assignment, release and transfer."

The lease mentioned is that of 1918, which covers a long list of "fixtures, paraphernalia, furniture and accoutrements." The trial judge in the decree in the first case discussed put a like provision in decree therein entered. To neither of these cases was plaintiff Phil a party. He comes as chattel mortgagee of the Cohens and seeks to have on replevin all or practically all of the furniture, equipment, etc., in the theater building. He had judgment, from which defendants, Colonial Theatrical Enterprises, Henry Behrendt, sheriff, and Jacob Schreiber, have appealed.

Phil's mortgage purports to have been given in May, 1931, when the cause first mentioned and in which the decree was entered was pending in this court. This mortgage, on the state of the record, stands as against the personalty found by decree in the first case above, to be the property of the Cohens, mortgagors. With respect to the other property, "fixtures, paraphernalia, furniture, and accoutrements," ordered by our decree transferred to Colonial Theatrical Enterprises, we hold that the Cohens had in such furniture, etc., no title or property legal or equitable, and that, therefore, Phil took nothing by his mortgage in that regard. One of the Cohens testified of owning such property, but, on the record as a whole, we are fully justified in wholly rejecting such testimony. This property belonged to Farrington and/or Sage admittedly from 1918 to 1930, and they, as lessors of that property to the Cohens, were very careful in elaborate terms to preserve and to protect it. Farrington and/or Sage owned it in January, 1930, when they gave option to Schreiber, assignor of Colonial Theatrical Enterprises. By what means did the Cohens acquire such property, valued at several thousands of dollars?

We find no answer. They point to the lease to them of April, 1930, by Farrington and/or Sage, made in the face of Schreiber's option and in an effort to defeat it, and which was held for naught by this court, which lease, while it recognizes that "fixtures, etc.," shall belong to the lessors, also states that "equipment * * * belongs to lessees * * * at expiration of this lease." Construing the language of this lease in the light of all the facts, it is held that it gave no title, legal or equitable, to the Cohens in the furniture, etc., in question, and, hence, that the mortgage to Phil accomplishes neither defeat of Schreiber and his assignee nor frustration of decree of this court.

That the record does not establish the taking of the chattel mortgage in good faith is passed as unnecessary to decision.

No other question need be discussed.

Reversed, with costs, and remanded for judgment in favor of appellants.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.